## HOFFMAN RADIO CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12144.

United States Court of Appeals
Ninth Circuit.

Oct. 20, 1949.

Claude I. Parker, John B. Milliken, Ralph Kohlmeier, Harrison Harkins, Los Angeles, Cal. (L. A. Luce, Washington, D.C., of counsel), for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott and Edward J. P. Zimmerman, Sp. Assts. to Atty. Gen., for respondent.

Before HEALY and BONE, Circuit Judges, and DRIVER, District Judge.

HEALY, Circuit Judge.

This is a proceeding to review a decision of the Tax Court determining deficiencies in the petitioner's income and excess profits taxes for the year 1943. Specifically, the grievance urged is the disallowance in part of a deduction taken by petitioner as the salary of its president, M. L. Hoffman, for that year. The deduction claimed was for the sum of $63,613.20, paid Hoffman pursuant to an employment contract entered into in December 1941. The Tax Court on proceedings to redetermine the Commissioner's deficiency assessment fixed $40,000 as a reasonable deduction for tax purposes. The relevant statute, § 23(a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (1) (A), provides that in computing net income there shall be allowed as deductions the ordinary and necessary expenses of carrying on trade or business "including a reasonable allowance for salaries or other compensation for personal services actually rendered."

Petitioner's contract with Hoffman was on a contingent basis calling for compensation for a three-year period in an amount equal to 3% of monthly gross sales, plus a fixed salary later to be agreed upon. Petitioner had for some years been engaged in manufacturing radio receiving sets. When Hoffman entered the picture in 1941 and closed negotiations for acquiring the stock and management control of petitioner, the latter's physical plant and equipment were obsolete, its financial condition not good, and its business appears generally to have been in a rather sorry state.

The primary contention of the petitioner is that the agreement with Hoffman was fair and reasonable when made, considering the circumstances attending its execution; and this being true, it is claimed that petitioner is entitled as a matter of law to deduct the full compensation paid for the later year. The argument is predicated on the language of Treasury Regulations 111, § 29.23(a)-6. This section is said to have acquired the force and effect of law by reason of the repeated re-enactment of the statutory provision it interprets. The regulation states in substance that any form of contingent compensation invites scrutiny; that generally speaking, if contingent compensation is paid pursuant to a free bargain made before the services are rendered, uninfluenced by any consideration on the part of the employer other than that of securing on fair and advantageous terms the services of the individual, it should be allowed as a deduction even though in the actual working out of the contract it may prove to be greater than the amount which would ordinarily be paid. Subsection (3) of the regulations reads: "(3) In any event the allowance for the compensation paid may not exceed what is reasonable under all the circumstances. It is in general just to assume that reasonable and true compensation is only such amount as would ordinarily be paid for like services by like enterprises under like circumstances. The

circumstances to be taken into consideration are those existing at the date when the contract for services was made, not those existing at the date when the contract is questioned." Petitioner erects his proposition of law on the last sentence of the subsection.

It is not thought that the regulations, considered in their entirety, establish the hard and fast rule that a contingent contract, fair and equitable when made, becomes permanently immune from scrutiny regardless of how radically conditions may alter; and that is what petitioner's legal argument amounts to. Acceptance of the argument would in many instances nullify the plain language of the statute. The key provision of the regulation, we think, is the statement that *in any event* the allowance for compensation may not exceed what is reasonable considering all the circumstances. Here the Tax Court examined the circumstances existing at the time of the original execution of the contract as well as those prevailing at the time the deduction was sought, and it found in neither set of circumstances justification for deducting the full compensation claimed for the taxable year.

On the factual side, there is no denying that petitioner's situation had by 1943 changed radically because of the unanticipated advent of the war. The Court found that the unusually large amount of business done that year was attributable in the main, not to services rendered by Hoffman, but to war conditions making for abnormal earnings. What constitutes reasonable compensation is essentially a fact question to be resolved in the light of the special facts of each case. Miller Mfg. Co. v. Commissioner, 4 Cir., 149 F.2d 421, 423. The deductible compensation of $40,000 allowed by the Court was substantially more than Mr. Hoffman's salary for 1942, and there was no visible increase in his work load. We can not say that the allowance was less than reasonable. It compares favorably with salaries shown to have been paid that year to the heads of kindred industrial concerns whose total earnings were much greater.

Affirmed.