**GOLDEN CONSTRUCTION COMPANY, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 5154.

United States Court of Appeals Tenth Circuit.

Dec. 24, 1955.

Robert A. Coldsnow, Wichita, Kan. (E. Lael Alkire and B. G. Tudor, Wichita, Kan., were with him on the brief), for petitioner.

Stanley P. Wagman, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Lee A. Jackson, Attys. Dept. of Justice, Washington, D. C., were with him on the brief), for respondent.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is a petition to review a decision of the Tax Court. It involves an income tax deficiency of Golden Construction Company, Inc., for the fiscal year ending July 31, 1950, in the sum of $8,727.29. The question presented is the reasonableness of the compensation paid

the petitioner's president who was the sole stockholder except for those who owned the shares necessary to qualify directors.

The petitioner was incorporated in 1944, and A. C. Golden became its president. Its principal business was the construction of dwelling houses for sale. Golden was the only executive officer engaged in carrying on the business which he operated as his own. He fixed his own salary which was usually based on a percentage of the petitioner's accrual profits. For the fiscal year in question, Golden's salary was computed at approximately sixty per cent of the petitioner's accrual profit for that year. For the three preceding fiscal years, his salary was computed at forty per cent of the accrual profit. Golden's duties in the year in question were substantially the same as they had been in previous years. The salary paid for the year ending July 31, 1950, was $44,437.60, and in its tax return for that year, the petitioner claimed that amount as a deduction. The Commissioner determined that $20,000 was reasonable compensation for Golden's services to the petitioner and disallowed the excess of $24,438.60. The Tax Court held that $31,000 was reasonable compensation for the services actually performed by Golden and fixed the deficiency at $8,727.29.

Section 23(a) (1) (A) of the Internal Revenue Code of 1939 as amended by Section 121(a) of the Revenue Act of 1942, 56 Stat. 819, allows taxpayers to deduct all ordinary and necessary expenses paid or incurred during a taxable year in carrying on a trade or business "including a reasonable allowance for salaries or other compensation for personal services actually rendered". 26 U. S.C.A. § 23(a) (1) (A). Section 29.23 (a)–6 Treasury Regulations 111 provides that the test of deductibility in the case of compensation payments is whether they are reasonable and are in fact pay-ments purely for services. It further provides that a practical application of the test for salaries paid by a corporation with few stockholders, where an ostensible salary may in fact be a stock dividend, shall be a comparison of salaries ordinarily paid for similar services.

There is no fixed rule by which a reasonable salary can be determined. What is reasonable is dependent upon the facts and circumstances of each particular case. Cooke v. Commissioner, 10 Cir., 203 F.2d 258, certiorari denied 346 U.S. 815, 74 S.Ct. 25, 98 L.Ed. 342; Leedy-Glover Realty & Ins. Co. v. Commissioner, 5 Cir., 184 F.2d 833; Hoffman Radio Corp. v. Commissioner, 7 Cir., 177 F.2d 264; Miller Mfg. Co. v. Commissioner, 4 Cir., 149 F.2d 421. The question is purely one of fact to be determined by the Tax Court. Rota-Cone Oil Field Operating Co. v. Commissioner, 10 Cir., 171 F.2d 219, 222, and cases cited. Upon review, the findings of the Tax Court are conclusive, if they are supported by substantial evidence and are not clearly erroneous. Cooke v. Commissioner, supra; A. & A. Tool & Supply Co. v. Commissioner, 10 Cir., 182 F.2d 300; Burford-Toothaker Tractor Co. v. Commissioner, 5 Cir., 192 F.2d 633, certiorari denied 343 U.S. 941, 72 S.Ct. 1033, 96 L. Ed. 1347. The credibility of the witnesses and the weight to be given the evidence and the reasonable inferences to be drawn therefrom were for the Tax Court. Helvering v. National Grocery Co., 304 U.S. 282, 58 S.Ct. 932, 82 L.Ed. 1346; Helvering v. Rankin, 295 U.S. 123, 55 S. Ct. 732, 79 L.Ed. 1343; Builders Steel Co. v. Commissioner, 8 Cir., 197 F.2d 263.

Special scrutiny should be given to compensation paid by corporations when the stock is closely held, because of the lack of arms-length bargaining, which in turn may indicate an intent to affect and disguise distribution of profits.[1] Heil Beauty Supplies v. Commis-

---

1. Mr. Golden gave the following testimony relating to his salary:

"Q. Mr. Golden, how was your sal-ary fixed during this year we are concerned with? How was that amount determined? How did you arrive at the

sioner, 8 Cir., 199 F.2d 193, 194;[2] Miles-Conley Co. v. Commissioner, 4 Cir., 173 F.2d 958; Ecco High Frequency Corp. v. Commissioner, 2 Cir., 167 F.2d 583, certiorari denied 335 U.S. 825, 69 S.Ct. 49, 93 L.Ed. 379; Commercial Iron Works v. Commissioner, 5 Cir., 166 F.2d 221.

■ Several witnesses testified on behalf of the petitioners to the effect that in their opinion the salary paid was reasonable. Each of them stated that it was not uncommon in corporations such as the petitioner, for the officers to take a substantial percentage of the profits in salaries. A witness for the Commissioner testified that he was the president of a corporation engaged in a similar business in a neighboring city; that his company was doing more construction work than the petitioner; that four officers who did substantially the same work as Mr. Golden in 1950 received a total compensation of $28,784.84; and that for the fiscal year ending February 28, 1951, compensation for the same four officers totaled $56,951.84. The witness did not state whether the amount paid Mr. Golden was reasonable or unreasonable. The

petitioner urges that the Tax Court failed to give any credence to the evidence of its witnesses which it contends was uncontradicted. But the Tax Court is not concluded by opinion evidence, and it may disregard such evidence and draw inferences from other evidence and the facts and circumstances shown. Dayton Power & Light Co. v. Public Utilities Commission of Ohio, 292 U.S. 290, 54 S. Ct. 647, 78 L.Ed. 1267; Heil Beauty Supplies v. Commissioner supra; Burford-Toothaker Tractor Co. v. Commissioner, supra; R. H. Oswald Co. v. Commissioner, 7 Cir., 185 F.2d 6, certiorari denied 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687.

■ On the basis of all the evidence before it, the Tax Court found that a reasonable salary was $31,000. Without further detail than hereinbefore given, the record discloses facts and circumstances from which the Tax Court could draw a reasonable inference that the amount paid to Mr. Golden as salary for the year in question was unreasonable and included a distribution of part of the profits of the corporation.

Judgment affirmed.

---

figure that you deducted? A. Well, at the end of the year I figured what I thought would be a fair salary and set it accordingly, or had it set.

\* \* \* \* \*

"Q. Was there any action by the Board of Directors in fixing this salary, if you recall? A. Well, I can't say about that. The directors was just my wife and daughter.

"Q. I see. You had the controlling voice among the stockholders, is that right? A. Yes, sir.

"Q. Are you familiar with the manner by which your salary was computed, with specific reference to it being a percentage basis for this year? Are you familiar with the fact it was computed on a percentage basis? A. Yes, I knew that it was figured on a percentage basis.

"Q. Is it true that it was figured for this year in question on the basis of 60 percent of accrual profits? A. I think that's correct.

"Q. Was that the same percentage that you had used in the preceding year? A. No, the percentage varied. Sometimes I got as much as 90 percent."

2. In Heil Beauty Supplies v. Commissioner, supra, it was said:

"Any payment arrangement between a corporation and a stockholder—and particularly a major stockholder, with his normal power of control—is always subject to close scrutiny for income tax purposes, so that deduction will not be made, as purported salary, rental or the like, of that which is in the realities of the situation an actual distribution of profits. 4 Mertens Law of Federal Income Taxation, § 25.46, pp. 399, 400. And we have previously held that whether or to what extent payments made by a corporation to a stockholder represent compensation for services or constitute a distribution of profits is essentially the determination of 'a matter purely of fact.' "