**PACIFIC GRAINS, INC., an Oregon Corporation, Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 21671.**

United States Court of Appeals
Ninth Circuit.

Aug. 16, 1968.

William H. Kinsey (argued), of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellant.

Louis M. Kauder (argued), Richard C. Pugh, Asst. Atty. Gen., Meyer Rothwacks, Howard J. Feldman, Lester Uretz, Chief Counsel, Washington, D. C., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and BYRNE, Senior District Judge.*

BYRNE, District Judge:

In May of 1965, a notice of deficiency was mailed to the taxpayer asserting deficiencies for the fiscal years ending on January 31st of 1963 and 1964. Within the allotted time period the taxpayer filed a petition for redetermination with the Tax Court pursuant to Section 6213 of the Internal Revenue Code of 1954. 26 U.S.C. § 6213. The Tax Court entered a decision in favor of the Commissioner in January of 1967. The taxpay-

* Honorable William M. Byrne, Senior District Judge, Central District of California, sitting by designation.

er petitioned for review within the time allotted by Section 7483 of the Internal Revenue Code of 1954 (26 U.S.C. § 7483) and this Court has jurisdiction by reason of Section 7482 of that Code. 26 U.S.C. § 7482.

The taxpayer Pacific Grains, Inc., an Oregon corporation, has its principal place of business in the State of Oregon. During the years involved the taxpayer was engaged in the business of the purchase, sale, storage, distribution and brokerage of grain and grass seed. The corporation was formed in 1955 by Robert R. Rodgers and another individual. In 1959 Rodgers purchased the stock of his fellow incorporator and became the sole owner of the taxpayer. That relationship continued to exist throughout the period of time covered by this case. Originally the taxpayer's primary business was the ownership and operation of a grain elevator. However, in 1961 various changes in Government agricultural programs caused a shift in the taxpayer's business toward the trading of grass seed throughout the world. During the years involved in this case approximately 85% of the taxpayer's gross income was earned from its brokerage operations.

Rodgers was president and treasurer of the taxpayer and was in charge of its trading of grass seed. Rodgers was paid a base salary of $25,200 for each of the years in question. Just prior to the end of the fiscal year ending on January 31, 1963, a bonus in the amount of $16,050 was authorized making Rodgers' total compensation for that year the sum of $41,250. Just prior to the end of the fiscal year ending on January 31, 1964, a bonus in the amount of $30,000 was authorized making Rodgers' total compensation for that year the sum of $55,200. The Board of Directors authorizing the bonuses was comprised of Rodgers, his wife, and an attorney with only the first two participating at the time of authorization.

The Company had an earned surplus and undivided profits as of January 31, 1963, of approximately $75,000 and as of January 31, 1964, of approximately $100,000. No dividends had been paid by the taxpayer from its inception to the time of these occurrences.

The taxpayer claimed a deduction for salary paid to Rodgers of $41,250 for the fiscal year ending January 31, 1963, and $55,200 for the fiscal year ending January 31, 1964. The Commissioner disallowed those amounts in excess of $30,000 for each year. The Tax Court approved the determination of the Commissioner and this appeal was brought.

What constitutes reasonable compensation to a corporate officer is a fact question which must be determined in light of all of the evidence. Hoffman Radio Corp. v. Commissioner of Internal Revenue, 177 F.2d 264 (9th Cir. 1949). Since the determination made by the Tax Court below was a factual one, the only question faced by this Court on review is whether or not the findings of the Tax Court are clearly erroneous. Kennedy Name Plate Co. v. Commissioner of Internal Revenue, 170 F.2d 196 (9th Cir. 1948).

The taxpayer took deductions on its corporate income tax return for the salary paid to Rodgers pursuant to Section 162 of the Internal Revenue Code of 1954 which, in relevant part, provides:

> "SEC. 162. TRADE OR BUSINESS EXPENSES
>
> (a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—
>
> (1) a reasonable allowance for salaries or other compensation for personal services actually rendered;
>
> * * * * * *
>
> 26 U.S.C. § 162"

It is clear and there is no dispute that bonuses may be part of the allowable deductions as long as the sum of the base pay and the bonuses does not exceed a reasonable salary. 26 C.F.R., Section 1.-162–9.

In determining what is reasonable compensation many factors may be considered with no single factor being decisive of the question. Mayson Mfg. Co. v. Commissioner of Internal Revenue, 178 F.2d 115 (6th Cir. 1949). In our case the taxpayer points to several factors which it says justify the salaries paid as being reasonable. The taxpayer notes that the business was doing well with a high rate of return on the investment. This success certainly presents an argument that high salaries might be justified. However, it is also consistent with the Commissioner's argument that the taxpayer should have been paying dividends and that the high salary paid to its sole shareholder was merely a method of draining off corporate profits at a tax advantage.

A second factor noted by the taxpayer is the contention that the early compensation of Rodgers was low and that his salary in later years could be used to balance inequities at the outset. It is true that under certain circumstances prior services may be compensated. Lucas v. Ox Fibre Brush Co., 281 U.S. 115, 50 S.Ct. 273, 74 L.Ed. 733 (1930). There is, however, no indication that this was being done in our case. The burden of showing that the salary was intended to compensate for prior periods was upon the taxpayer. Standard Asbestos Mfg. & Insulating Co. v. Commissioner of Internal Revenue, 276 F.2d 289, 293 (8th Cir. 1960). The failure of the taxpayer's Board of Directors to earmark the funds as being in part for prior services and the lack of any showing as to what percentage of the compensation was intended for the respective periods give support to the Commissioner's contention that the taxpayer's theory of compensation for prior services was only an afterthought developed at a time when the reasonableness of the compensation was already under attack.

A third argument presented by the taxpayer is its contention that the $30,000 figure established by the Commissioner is unreasonable when compared to other employees and in particular to the salary of the number two man who earned just below $20,000 for the year ending January 31, 1964. The argument apparently is that the duties of the two were such that Rodgers should have been earning approximately three times as much rather than about 50% more than his fellow employee. This is a peculiarly factual question which it is impractical for an appellate court to act upon. The facts were before the Tax Court and it did not agree with this contention. There is nothing before this Court which would compel a different conclusion.

A final argument raised by the taxpayer is that testimony of various witnesses as to the reasonableness of the salary was binding on the Tax Court. These witnesses were various individuals in similar businesses and Rodgers himself. The Tax Court found that the testimony was not helpful and did not feel bound by it. Both the taxpayer and the Commissioner cite various cases to support their positions. The taxpayer urges that uncontradicted and unimpeached testimony must be accepted relying on Grace Bros. v. Commissioner of Internal Revenue, 173 F.2d 170 (9th Cir. 1949) and Loesch & Green Construction Co. v. Commissioner of Internal Revenue, 211 F.2d 210 (6th Cir. 1954). The Commissioner argues that such testimony need not be accepted where the trier of fact has the ability to observe the demeanor of the witnesses. Ramos v. Matson Nav. Co., 316 F.2d 128 (9th Cir. 1963); NLRB v. Howell Chevrolet Co., 204 F.2d 79 (9th Cir. 1953); 346 U.S. 482, 74 S.Ct. 214, 98 L.Ed. 215. The latter line of authority recognizes the rule that the trier of fact may feel that a particular witness is not worthy of belief despite the fact that he has been neither contradicted nor impeached. However, it is unnecessary to resolve the issue here because in our situation there are sufficient facts on the record to contradict the testimony of the witnesses. It is clear that the contradiction need

not come from other witnesses but may be based on the overall facts in the case. *Grace Bros.*, supra. In our situation the testimony offered was of an opinion rather than of a statement of fact and, therefore, would seem to have a less binding effect on the trier of fact. See Express Pub. Co. v. Commissioner of Internal Revenue, 143 F.2d 386 (5th Cir. 1944). As will be seen below there were other factors which could and did lead the trier of fact to a different conclusion. In a case such as this where the opinion testimony went to the ultimate issue (i. e. the reasonableness of the salary), the test as to whether the testimony of the witnesses should be binding is the same as the test to determine whether the decision of the Tax Court will stand. If the Tax Court's factual determination as to reasonableness is not clearly erroneous, then it follows that the contrary opinions of the witnesses on the ultimate issue have been contradicted.

The Commissioner's position which was accepted by the Tax Court is simply that various factors when taken together show that the higher salaries were unreasonable. Rodgers was the sole shareholder and in control of the Board. Rather than declare dividends, the Board paid him a high salary. The bonus which resulted in the high salary was admittedly adjusted according to the surtax exemption available to the corporation rather than to any change in the efforts or duties of Rodgers. In prior years while doing substantially the same work Rodgers was paid much less. The salary of Rodgers constituted a very high percentage of the gross income of the corporation.

There is no doubt that these and other factors may properly be considered in determining reasonableness of compensation. *Mayson,* supra. The failure of the taxpayer to pay any dividends while radically increasing the compensation of its sole shareholder is particularly significant (Miles-Conley v. Commissioner of Internal Revenue, 173 F.2d 958 (4th Cir. 1949) as is the lack of any showing by the taxpayer that the duties of Rodgers had significantly changed from the fiscal year in which he was paid a total compensation of $29,000. *Hoffman,* supra. The $30,000 figure selected by the Commissioner is slightly more than Rodgers received in the fiscal year ending on January 31, 1962, and allows for an approximate 20% bonus on top of the base salary established by the taxpayer at the start of the fiscal years in question. It is not for this Court to step in and make new factual determinations. The factors present in the record before this Court give ample support to the determination of the Commissioner and the decision of the Tax Court confirming it. The decision of the Tax Court is affirmed.