S. A. MANOHARA, M.D., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SAKREPATNA A. AND JAYASHREE MANOHARA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
S. A. Manohara, M.D., Inc. v. Commissioner
Docket Nos. 9491-92, 15263-92
United States Tax Court
T.C. Memo 1994-333; 1994 Tax Ct. Memo LEXIS 367; 68 T.C.M. (CCH) 142; July 21, 1994, Filed *367 Decisions will be entered for respondent. For petitioners, David L. Branson. For respondent, William A. McCarthy. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In these consolidated cases, respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Docket No. 9491-92
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(1)(A)
1986
$ 78,833
$ 3,942
$ 3,942
--  1987
68,790
3,440
--  $ 3,440
1988
137,769
34,442
--  6,889
Additions to Tax
Sec. 6653(a)(2)
Sec. 6653(a)(1)(B)
Sec. 6661
1986
50% of the interest
--
$ 19,708
due on $ 78,833
1987
--
50% of the interest
17,197
due on $ 68,790
1988
--
--
3,442
Docket No. 15263-92
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(1)(A)
1986
$ 28,779
$ 5,734
--
$ 2,197
1987
32,686
7,409
--
4,661
1988
29,617
--
$ 2,169
--
Sec. 6653(a)(1)(B)
Sec. 6661
1986
50% of the interest
$ 7,195
due on $ 28,779
1987
50% of the interest
8,172
due on $ 32,686
1988
--
7,404
Unless otherwise indicated, *368 all section references are to the Internal Revenue Code in effect for the years in issue. After concessions, the issues remaining for decision are: (1) Whether S. A. Manohara, M.D., Inc. (the corporation), is entitled to deductions for salaries paid to Jayashree Manohara (Mrs. Manohara) in 1986 and 1987; (2) whether the corporation is entitled to deduct pension plan expenses in 1986 and 1987 and management expenses in 1988; (3) whether Sakrepatna A. Manohara (Dr. Manohara) and Mrs. Manohara (together referred to as the Manoharas) received constructive dividends from the corporation in 1986, 1987, and 1988; and (4) whether the Manoharas are entitled to various deductions claimed on Schedule C of their 1986, 1987, and 1988 income tax returns. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time of the filing of the petitions, the Manoharas resided in, and the corporation's principal place of business was located in, California. Dr. Manohara is a psychiatrist. He incorporated his practice on January 25, 1982, and the corporation adopted an October through September fiscal year. Dr. *369 Manohara owned 100 percent of the corporation's stock. The corporation's income tax returns for the years ended September 30, 1982, 1983, 1984, 1986, 1987, and 1988 reported that the corporation's gross receipts were $ 63,881, $ 192,225, $ 240,005, $ 596,995, $ 577,263, and $ 799,372, respectively. The corporation's reported taxable income (loss) for those same years was $ (217), $ (5,567), $ (329), $ 1,883, $ 1,883, and $ 2,925, respectively. Dr. Manohara's salary from the corporation was $ 152,709 for the fiscal year ended September 30, 1986, and $ 90,000 for the fiscal year ended September 30, 1987. Mrs. Manohara was paid a salary from the corporation of $ 109,581 for the fiscal year ended September 30, 1986, and $ 90,000 for the fiscal year ended September 30, 1987. Although the corporate income tax returns that were filed for the 1986 and 1987 fiscal years indicated that Mrs. Manohara devoted 100 percent of her time to "business", Mrs. Manohara worked full time as a programmer for Calcot Ltd. from April 13, 1981, through May 30, 1987. The Manoharas deducted expenses of $ 32,260, $ 50,935, and $ 25,970 in 1986, 1987, and 1988, respectively, on Schedule C of their returns, *370 which indicated that Dr. Manohara was in business as a medical doctor. Sometime around 1987, the corporation entered a contract with ASI Administrative Services, Inc. (ASI), under which ASI became the employer of the corporation's employees and paid such employees salaries and pension benefits. The corporation then leased its employees from ASI. The Manoharas each attached a Form W-2, Wage and Tax Statement, to their 1988 income tax return, which Forms W-2 indicated that each was paid a salary of $ 60,000 from ASI. The corporation, on its income tax returns for the fiscal years ended September 30, 1986, and September 30, 1987, deducted pension plan expenses of $ 127,338 and $ 104,439, respectively. On its income tax return for the fiscal year ended September 30, 1988, the corporation deducted $ 323,108 for management fees. In the notice of deficiency sent to the corporation, respondent disallowed deductions for Mrs. Manohara's salary of $ 109,581 and $ 90,000 for the fiscal years ended September 30, 1986 and 1987. Respondent also disallowed $ 71,310 and $ 45,610 of the deductions for pension plan expenses for the fiscal years ended September 30, 1986 and 1987, and further disallowed *371 $ 192,000 of the deduction for management expenses for the fiscal year ended September 30, 1988. Respondent also determined additions to tax under sections 6651(a), 6653(a), and 6661. In the notice of deficiency sent to the Manoharas, respondent included constructive dividends of $ 24,890, $ 17,963, and $ 33,938 in income for 1986, 1987, and 1988, respectively. Respondent also disallowed expenses of $ 32,260, $ 50,935, and $ 25,970 claimed on Schedule C in 1986, 1987, and 1988, respectively. Respondent also determined additions to tax under sections 6651(a), 6653(a), and 6661. OPINION Reasonable Compensation
Section 162(a)(1) allows a business to deduct all of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. Respondent contends that the corporation is not entitled to deduct Mrs. Manohara's salary of $ 109,581 and $ 90,000 for the fiscal years ended September 30, 1986 and 1987, respectively, because such amounts are not reasonable. The reasonableness of compensation for personal services is a question *372 of fact. Pacific Grains, Inc. v. Commissioner, 399 F.2d 603, 605 (9th Cir. 1968), affg. T.C. Memo. 1967-7. There are no fixed rules or exact standards for determining what constitutes reasonable compensation, and each case must be resolved on its particular facts and circumstances. Golden Constr. Co. v. Commissioner, 228 F.2d 637 (10th Cir. 1955), affg. T.C. Memo. 1954-221. Petitioners have the burden of proving error in respondent's determination and of presenting a reasonable basis on which the Court may determine the value of the services rendered. Perlmutter v. Commissioner, 44 T.C. 382, 401 (1965), affd. 373 F.2d 45 (10th Cir. 1967). Even though Mrs. Manohara had a full-time job at another company from April 13, 1981, through May 30, 1987, petitioners contend that Mrs. Manohara performed valuable services for the corporation over this 6-year period, including patient billing, employee supervision, payment of corporate bills, and business development efforts. Petitioners argue that the corporation's *373 increase in gross receipts over the years was largely attributable to the marketing efforts of Mrs. Manohara. Petitioners contend that the corporation did not have sufficient revenue to pay Mrs. Manohara until 1986 and that designations by the corporation in its minute book indicate that the salary payments made to Mrs. Manohara in 1986 and 1987 constituted compensation for past and current services rendered by her. Dr. Manohara testified that, generally, Mrs. Manohara assisted in the billing process and set up a marketing program for the corporation and that Mrs. Manohara performed these services in the evening because she was working full time at another job. Mrs. Manohara testified that: In 1982 and 1983, she met with doctors and investigated how to attract patients. In 1984 and 1985, she started to learn about the office procedures at the corporation but was not involved in such daily office procedures. In 1986, she became more involved with marketing, banking and investments, and accounts payable. One of Dr. Manohara's associates, who started working in late March 1987, testified that he did not see Mrs. Manohara around the office very much until after June 1987. Another *374 associate of Dr. Manohara testified that Mrs. Manohara became actively involved in the corporation in June 1987, after she left Calcot Ltd., but was not as involved before that time. Mr. Noel Cabezzas (Cabezzas) testified that he was an accountant who performed services at the corporation occasionally in the evenings and that Mrs. Manohara was usually there on such evenings. Cabezzas testified that, in 1986, 1987, and 1988, Mrs. Manohara assisted Sharon Clark (Clark), the office manager, with the accounts. Clark testified that she was the full-time office manager for the corporation from December 1985 through March 1989. Clark testified that the office was very small and that she "did the reception work, the billing, the follow-up, just basically whatever needed to be done in the office". Clark further testified that Mrs. Manohara did not work for the corporation prior to August 1987. Clark testified that, after August 1987, Mrs. Manohara worked from around lunchtime until 4:30 or 5:00 doing computer data entry. Although petitioners contend that Mrs. Manohara's compensation was fixed by the board of directors and that the corporation's minute book demonstrates that Mrs. Manohara's *375 compensation in 1986 and 1987 was for services performed over a 6-year period, the record contains no evidence of any such resolution by the board of directors or of the minute book. The only evidence in the record pertaining to the services allegedly performed by Mrs. Manohara is the testimony of the Manoharas, associates of Dr. Manohara, and others who performed services for the corporation. Taking the testimony at face value, it appears that Mrs. Manohara performed some services for the corporation. Nevertheless, it is inherently incredible that these services had the same value, or were close in value, to the services performed by Dr. Manohara. Petitioners offered no evidence whatsoever pertaining to the monetary value of any of the services performed by Mrs. Manohara. As a result, even if we accepted the Manoharas' vague characterization of the extent and nature of Mrs. Manohara's services, we have no basis on which to determine the value of such services. Because Mrs. Manohara is the wife of the sole owner of the corporation, we have no reason to believe that her compensation was the result of a free bargain. See Elliotts, Inc. v. Commissioner, 716 F.2d 1241, 1246 (9th Cir. 1983), *376 revg. and remanding on other grounds T.C. Memo. 1980-282. In sum, petitioners have not met their burden of demonstrating that respondent's determination is in error and furnishing a basis on which we can ascertain the value of Mrs. Manohara's services. Cf. Leonard J. Ruck, Inc. v. Commissioner, T.C. Memo. 1969-16 (taxpayer demonstrated, among other things, how much the corporation would have had to pay an outsider to perform the services by introducing expert testimony concerning prevailing standards of compensation in the industry). Accordingly, we sustain respondent's determination that the corporation is not entitled to deduct Mrs. Manohara's salary of $ 109,581 and $ 90,000 for the fiscal years ended September 30, 1986 and 1987, respectively. Pension Plan and Management Expenses
Respondent disallowed $ 71,310 and $ 45,610 of the pension plan expense deductions claimed by the corporation for the fiscal years ended September 30, 1986 and 1987. Petitioners contend that these amounts related to pension benefits attributable to Mrs. Manohara for the fiscal years ended September 30, 1986 and 1987, and that pension *377 plan contributions were calculated based on the gross compensation earned by the employee. There is no evidence that explains or supports the pension deductions claimed on the corporation's income tax returns, and we have previously concluded that Mrs. Manohara's compensation was unreasonable. Petitioners have not demonstrated that the corporation is entitled to these pension plan deductions. Respondent also disallowed $ 192,000 of the $ 323,108 in management expenses claimed by the corporation on its September 30, 1988, income tax return. Petitioners claim that the corporation paid fees to ASI for management of the medical practice and that the amount of the payment was based on the salaries and pension contributions attributable to the Manoharas. Petitioners also claim, on brief, that copies of ASI billings and the corporation's checks in payment of these bills were furnished to and inspected by respondent. The record here does not contain any such billings or checks. Moreover, the record does not establish any link between the alleged payments to ASI and the $ 192,000 adjustment. Petitioners argue that, if the corporation is not entitled to deduct the $ 192,000 management *378 fee, the Manoharas will be overtaxed because they reported these same amounts on their 1988 income tax return. The Manoharas reported a total of $ 120,000 in wages from ASI in 1988, and respondent has allowed the corporation a $ 131,108 management fee deduction. The Manoharas have not established that they reported wages in their income that are greater than the deductions allowed to the corporation. Even if they had, that fact would not be determinative. We hold that the corporation is not entitled to deduct the disputed management fees of $ 192,000 on its September 30, 1988, income tax return. Constructive Dividends
Payments made by a corporation for the personal benefit of a shareholder may result in the receipt by the shareholder of a constructive dividend. Challenge Mfg. Co. v. Commissioner, 37 T.C. 650, 663 (1962). Respondent contends that the Manoharas received constructive dividends of $ 24,890, $ 17,963, and $ 33,938 from the corporation in 1986, 1987, and 1988, respectively. Respondent contends that these amounts consist of expenses paid by the corporation for the benefit of the Manoharas and that these amounts are not deductible *379 by the corporation. Petitioners contend that the Manoharas did not receive constructive dividends because, pursuant to corporate minutes dated October 4, 1985, the Manoharas would be required to reimburse the corporation for any expenses paid but later determined to be nondeductible to the corporation. The corporate minutes are not in evidence, and there is no evidence that the Manoharas made any reimbursements to the corporation. Petitioners make no other arguments with respect to respondent's determination of constructive dividends. Accordingly, we hold that the Manoharas received the constructive dividends from the corporation as determined by respondent. Schedule C Expenses
Respondent contends that the Manoharas are not entitled to deductions claimed on Schedule C on their 1986, 1987, and 1988 income tax returns. Petitioners contend that Dr. Manohara received fees for his services and incurred various expenses in earning such fees, including automobile expenses; expenses related to an office condominium that he leased to the corporation; and "consulting" fees. The only evidence pertaining to such expenses is the income tax returns for the years in issue on which *380 such expenses were claimed and Dr. Manohara's testimony, in which he did not explain how or why the expenses claimed were incurred or were related to a business other than the medical practice operated by the corporation. The testimony was internally inconsistent and inconsistent with the items shown on Schedule C. For example, Dr. Manohara testified that the lease was "net/net/net" but that he paid taxes and condominium fees. None of the deductions were so identified. The deductions that were claimed included depreciation, repairs, and travel and entertainment expenses, none of which were substantiated as required by applicable sections. Dr. Manohara testified that he "advanced" $ 10,000 to a colleague in 1986, but $ 15,000 was deducted as "consulting fees". Deductions are a matter of legislative grace, and petitioners bear the burden of proving their entitlement to any deduction claimed on their returns. INDOPCO, Inc. v. Commissioner, 503 U.S.    , 112 S. Ct. 1039, 1043 (1992); New Colonial Ice. Co. v. Helvering, 292 U.S. 435, 440 (1934). We are not required to accept vague, uncorroborated, or inconsistent *381 testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). The Manoharas have not proven that any of the Schedule C expenses claimed in 1986, 1987, and 1988 were incurred for the purpose of carrying on a trade or business, and, thus, they are not entitled to deductions for such expenses. Decisions will be entered for respondent.