T.C. Memo. 2007-33

UNITED STATES TAX COURT

RONALD AND JUDITH FRANCIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6742-05.          Filed February 8, 2007.

<u>Frank W. Bastian</u> and <u>Reggie L. Wegner</u>, for petitioners.

<u>David S. Weiner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined a $2,167 deficiency in
petitioners' Federal income tax for 2001.  There are two issues
for decision.  The first issue is whether petitioners are
entitled to deduct $9,502 of medical expenses under section

162(a).[1]  We hold that they are not entitled to deduct the
medical expenses under section 162(a) because the compensation to
which the claimed deduction was attributable was not reasonable
in amount.  The second issue is whether $5,571 of the medical
expenses is 60 percent deductible under section 162(l).  We hold
that it is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.
The stipulation of facts and accompanying exhibits are
incorporated by this reference.  Petitioners resided in
Pipestone, Minnesota, at the time they filed the petition.

Petitioner Ronald Francis (Mr. Francis) has operated a farm
(the farm) as a sole proprietorship for 40 years.  Petitioner
Judith Francis (Mrs. Francis) assisted Mr. Francis by performing
farm chores, such as milking cows, since Mr. Francis began
operating the farm.

The farm established an employer-provided accident and
health plan for employees (the plan) through an organization
called AgriPlan/BizPlan in 1991.  Eligible employees under the
plan would be fully reimbursed by the farm for health insurance
costs for themselves and their families and reimbursed up to

---

[1]All section references are to the Internal Revenue Code
effective for 2001, and all Rule references are to the Tax Court
Rules of Practice and Procedure, unless otherwise indicated.
Amounts are rounded to the nearest dollar.

$8,000 for out-of-pocket medical expenses.  To be reimbursed, an eligible employee was required to submit a transmittal form to AgriPlan/BizPlan noting the amount the eligible employee paid or incurred for heath insurance and out-of-pocket medical expenses during the year.  AgriPlan/BizPlan would then audit the transmittal form and issue a statement to the farm stating the amount it should reimburse the eligible employee.

Mr. Francis, as owner and operator of the farm, and Mrs. Francis executed a written employment agreement in 1997.  Mrs. Francis agreed to keep the farm's books, run business errands, and answer telephone calls.  The employment agreement also specified that Mrs. Francis would annually receive $2,004 of wages and would be an eligible employee under the plan.  The employment agreement did not, however, specify the number of hours Mrs. Francis was required to work, nor establish the days or times she was required to be available to work.

In 2001, Mrs. Francis performed some services for the farm. Neither Mr. Francis nor Mrs. Francis recorded how many hours, if any, Mrs. Francis worked, or otherwise documented the nature and extent of the services Mrs. Francis may have performed.  Mrs. Francis received $1,998[2] of wages from the farm in 2001.

---

[2]The record is unclear why Mrs. Francis received $6 less than the $2,004 she was specified to receive in 2001 under the employment agreement.

Mrs. Francis also ran errands for a farming business operated by petitioners' son in 2001. Petitioners' son did not treat Mrs. Francis as an employee of his farming operation. Petitioners' son performed services on the farm without being treated as an employee of the farm.

Mrs. Francis submitted an employee benefit expense transmittal form to the plan, claiming that she had paid $9,502 of eligible medical expenses in 2001. Of this amount, $5,571 was attributable to premiums paid on a joint Blue Cross/Blue Shield health insurance policy and a Medicare supplemental policy solely for Mr. Francis. The farm reimbursed Mrs. Francis for the $9,502 of eligible expenses. Adding the $9,502 medical expenses reimbursement to the $1,998 wages she received, Mrs. Francis received $11,500 of total compensation for 2001.

Petitioners filed a joint Federal income tax return for 2001. Petitioners reported income and expenses from the farm on Schedule F, Profit or Loss From Farming. Petitioners deducted $9,502 as an employee benefit plan expense. The $9,502 deduction was attributable to the medical expenses Mrs. Francis paid and for which the farm reimbursed her.

Respondent sent petitioners a deficiency notice. Respondent determined that petitioners were not allowed to deduct 100 percent of their medical expenses on Schedule F as ordinary and

necessary expenses under section 162(a).[3]  Respondent determined
that 60 percent of the $5,571 health insurance premium payments
for Mr. Francis was deductible under section 162(l) as the health
insurance costs of a self-employed individual.  Petitioners
timely filed a petition.

                              OPINION

     We are asked to decide whether petitioners are entitled to
deduct medical expenses under section 162(a) and, if not, whether
they are entitled to deduct the health insurance premiums
component of their medical expenses under section 162(l).  The
parties agree that petitioners are entitled to deduct the $1,998
wage component of Mrs. Francis's compensation for 2001; they
disagree as to whether her total compensation, including the
reimbursement under the plan, was reasonable in amount.

     We look to the general rule that deductions are a matter of
legislative grace, and the taxpayer must show that he or she is
entitled to any deduction claimed.  Rule 142(a); Deputy v. du
Pont, 308 U.S. 488, 493 (1940).  This includes the burden of
substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 89-90
(1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

     In addition, taxpayers may fully deduct all ordinary and
necessary expenses paid or incurred during the taxable year

---

[3]Respondent made no determination in the deficiency notice
regarding the deductibility of the $3,931 out-of-pocket medical
expenses under sec. 213.

carrying on a trade or business.  Sec. 162(a).  Ordinary and necessary business expenses include the reimbursement of employee benefit plan expenses for expenses the employee pays or incurs. Sec. 162(a)(1); sec. 1.162-10, Income Tax Regs.  Employee benefit plan expense reimbursements are deductible if they are paid to a bona fide employee, they are an ordinary and necessary expense, the amount deducted is substantiated,[4] the amount deducted was reasonable in amount, and the payment was in fact purely for services.  Sec. 162; secs. 1.162-7(a), 1.162-10(a), Income Tax Regs.

Respondent argues that petitioners are not entitled to a business expense deduction for the employee benefit plan expense reimbursement because they failed to prove that the total compensation paid to Mrs. Francis in 2001 was reasonable in amount.  We agree.

The deductibility of employee benefit plan expenses generally requires proof, in the first instance, of an employer-employee relationship.  Respondent concedes that Mr. Francis had the right to control[5] Mrs. Francis in her performance of services

---

[4]Respondent concedes that the amount deducted was substantiated.

[5]Although no single factor is controlling, the "right to control" the activities of the individual whose status is in issue is the "fundamental test" of whether an employer-employee relationship exists.  Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751, 753

(continued...)

for the farm, but he also points to several factual inconsistencies that discredit petitioners' characterization of Mrs. Francis as an employee of the farm. Specifically, Mrs. Francis performed services for the farm for many years before 1997 (the year her employment agreement was executed), Mrs. Francis performed services for their son's farming operation without being treated as an employee of the son's operation, and petitioners' son performed services on the farm without being treated as an employee. While these facts are troubling,[6] we need not determine whether Mrs. Francis was a bona fide employee of the farm to decide this case. Even assuming arguendo that Mrs. Francis was a bona fide employee,[7] we find that petitioners failed to prove that any compensation paid to Mrs. Francis in excess of $1,998 was reasonable in amount given that petitioners failed to document any hours or times Mrs. Francis may have performed services for the farm.

Whether amounts paid to an employee are reasonable compensation for services rendered is a question of fact to be

---

[5](...continued)
(9th Cir. 1988).

[6]Equally as troubling is respondent's argument that no bona fide employer-employee relationship existed, yet respondent conceded that petitioners were entitled to deduct $1,998 of "wages" paid to Mrs. Francis.

[7]If we were to find Mrs. Francis was a bona fide employee, respondent would concede that the claimed employee benefit plan expense would be an ordinary and necessary expense.

decided on the basis of the facts and circumstances of each case. See <u>Estate of Wallace v. Commissioner</u>, 95 T.C. 525, 553 (1990), affd. 965 F.2d 1038 (11th Cir. 1992). Further, there are no fixed rules or exact standards for determining what constitutes reasonable compensation, although a number of factors have been identified as relevant.[8] See <u>Golden Constr. Co. v. Commissioner</u>, 228 F.2d 637, 638 (10th Cir. 1955), affg. T.C. Memo. 1954-221. With these rules in mind, we determine whether the compensation Mrs. Francis received for business-related services was reasonable in amount.

The employment agreement for Mrs. Francis did not set the number of hours she was required to work to earn her pay and benefits, nor did Mrs. Francis keep a time log recording the number of hours she worked for the farm in 2001. Petitioners did not establish what Mrs. Francis earned on an hourly basis because they did not prove how many hours she worked, and they did not establish what employees doing comparable work on other similarly sized farms in the vicinity were paid hourly.

We apply close scrutiny to the facts in a family situation and find petitioners did not prove that any of the compensation paid to Mrs. Francis for services she provided the farm was reasonable in amount to the extent it exceeded the $1,998 that

---

[8]See <u>Miller & Sons Drywall, Inc. v. Commissioner</u>, T.C. Memo. 2005-114, for a list of the relevant factors.

respondent has conceded to be deductible.  See <u>Denman v. Commissioner</u>, 48 T.C. 439 (1967); <u>Haeder v. Commissioner</u>, T.C. Memo. 2001-7; <u>Shelley v. Commissioner</u>, T.C. Memo. 1994-432; <u>Martens v. Commissioner</u>, T.C. Memo. 1990-42, affd. 934 F.2d 319 (9th Cir. 1991).  Accordingly, we hold that petitioners are not entitled to deduct the $9,502 claimed employee benefit plan expense under section 162(a).

Finally, we address whether $5,571 of the claimed employee benefit plan expenses attributable to health insurance premium costs for Mr. Francis is deductible under the special rules of section 162(l).  For 2001, self-employed individuals are allowed to deduct only an amount equal to 60 percent of the amount paid during the year for health insurance.  Sec. 162(l)(1)(A) and (B).

Respondent determined that petitioners' health insurance costs are 60 percent deductible under section 162(l).  We agree. Petitioners paid $5,571 in premiums on two health insurance policies for Mr. Francis in 2001, and Mr. Francis was self-employed.  Accordingly, we hold that petitioners are entitled to deduct $3,343 (60 percent) of the $5,571 health insurance premiums they paid under section 162(l).

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.