**UNITED STATES of America, Appellant,**

v.

**FIRST SECURITY BANK, Appellee.**

No. 18786.

United States Court of Appeals Ninth Circuit.

June 5, 1964.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Ralph A. Muoio, Gilbert Andrews, Dept of Justice, Washington, D. C., Moody Brickett, U. S. Atty., Clifford L. Schleusner, Asst. U. S. Atty., Butte, Mont., for appellant.

Galusha & Meloy, Helena, Mont., Francis Gallagher, Glasgow, Mont., John R. Kline, Peter Meloy, Helena, Mont., for appellee.

Before POPE and KOELSCH, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM.

In this case the Commissioner of Internal Revenue determined and assessed a deficiency of income tax against First Security Bank, a state bank located at Glasgow, Montana. The bank paid the amount of deficiency under protest, and after making claim for refund of that amount, brought this suit in the court

below for its recovery. The trial court awarded judgment in favor of the bank and the United States has appealed.

The facts and the trial court's findings with respect thereto are fully set forth in the district court's opinion, First Security Bank v. United States, 213 F.Supp. 362. Since we are satisfied from the record before us that that opinion adequately and fully sets forth all of the applicable facts, that the matter presented involved primarily a question of fact, and that the findings of the trial court are not clearly erroneous, the judgment is affirmed upon the basis of the district court's opinion.

It will be noted, as the opinion points out, that the record presented a substantial number of factors tending to support the bank's contention that the income from a certain insurance business was in truth and in fact that of a partnership and not that of bank, and that such income could not properly be allocated or charged to the bank. The district judge also noted other factors tending to support the Government's assertion that this income was under the tax laws properly treated as that of the bank and that it should be allocated or charged to the bank.

■ Although the existence of all these factors is not in dispute, and although the trial court's findings do not involve any problem of credibility of witnesses, yet we think its findings are subject to the requirements of Rule 52(a) Fed.Rules Civ.Proc. that they should not be set aside unless clearly erroneous. Lundgren v. Freeman, 9 cir., 307 F.2d

104, 113.[1] Commissioner v. Duberstein, 363 U.S. 278, 289,[2] 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218.

It was urged in the trial court and here that the appellant should win by reason of the provisions of § 482 of the Internal Revenue Code (Title 26 § 482) which provides: "In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Secretary or his delegate may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses." Had the Commissioner undertaken to make the findings and determinations authorized by that section we might have had a very different problem here; for when such a determination is made under that section it could perhaps be argued that such a determination cannot be set aside unless found to be arbitrary or capricious.[3]

■ However, we have not only examined the printed record herein but we have called for and examined the entire record in the district court including the exhibits, and we find that there is nothing in the record to show or to indicate that the Commissioner in this case un-

1. "Therefore, we may not substitute our judgment if conflicting inferences may be drawn from the established facts by reasonable men, and the inferences drawn by the trial court are those which could have been drawn by reasonable men."

2. "Decision of the issue presented in these cases must be based ultimately on the application of the fact-finding tribunal's experience with the mainsprings of human conduct to the totality of the facts of each case."

3. This was noted in Dillard-Waltermire, Inc. v. Campbell, 5 cir., 255 F.2d 433,

where that court approved the following statement made by the Tax Court in relation to former § 45 of the 1939 Code which is similar to the present § 482: "It has been said many times that the Commissioner has considerable discretion in applying section 45, and that the determinations required of him under the statutes must be sustained unless that discretion has been abused. Our review of those determinations is not de novo, and we may reverse them only where the taxpayer proves that they are unreasonable, arbitrary, or capricious." 255 F.2d (p. 436.)

dertook or purported to make a determination under or pursuant to § 482. It follows that, as noted in Commissioner v. Chelsea Products, 3 cir., 197 F.2d 620, 624, the provisions of § 482 are inapplicable here.[4]

The judgment is affirmed.

4. "The notices contain no indication whatsoever that the Commissioner made his determination under Section 45. * * *

"The deficiency notices were thus deceptive and gave taxpayer no notice that the Commissioner was proceeding under Section 45. Since Section 45 grants the Commissioner discretionary powers the burden falls upon the taxpayer to prove that the Commissioner's determination is arbitrary. * * * This considerable power given the Commissioner certainly carries with it a correlative duty to give the taxpayer fair notice in advance of hearing that the Commissioner has proceeded under Section 45. The taxpayer can hardly shoulder its burden if it does not know the Commissioner has proceeded under Section 45 or if it does not know which transactions or group of transactions the Commissioner has determined to have resulted in distortions of true net income." (197 F.2d at 624.)

This statement may not have been necessary to the decision in that case but we think it is obviously a sound rule.