NOR–CAL ADJUSTERS, aka Nor-Cal Insurance Adjusters, formerly Hobson Adjusters, a corporation, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 72–1361.

United States Court of Appeals, Ninth Circuit.

Sept. 5, 1974.

Trask, Circuit Judge, dissented and filed an opinion.

Lee M. Galloway (argued), of Ingraham, Deming & Galloway, Sacramento, Cal., for appellant.

Wesley J. Filer, Atty. (argued), Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellee.

## OPINION

Before BARNES and TRASK, Circuit Judges, and THOMPSON,* District Judge.

THOMPSON, District Judge:

This is an appeal from a decision of the United States Tax Court affirming the Commissioner's determination that bonuses paid to officer-shareholders of appellant Nor-Cal Adjusters (Nor-Cal) are not deductible business expenses within the meaning of § 162(a)(1) Internal Revenue Code of 1954. The Court has jurisdiction pursuant to § 7482 I.R.C. 1954.

Nor-Cal is a California corporation engaged in the business of insurance adjustment. Appellant was incorporated on October 2, 1963 by Joseph R. Hobson, who became its sole shareholder. Soon after incorporation, R. H. Wetterer and W. R. Wincapaw, who were adjusters employed by Hobson, each purchased 25% of Nor-Cal's stock from Hobson. Later in 1966 another employee, Gene Theison, purchased 15% of taxpayer's stock from Hobson. The following schedule lists Nor-Cal's officers and their respective shareholdings in Nor-Cal at the beginning of the taxable year in question:

| Officer-Shareholder | Stock Ownership | |
| --- | --- | --- |
| | Number of Shares | Percentage |
| J. Hobson, President | 350 | 35 |
| R. Wetterer, Vice-President | 250 | 25 |
| W. Wincapaw, Secretary | 250 | 25 |
| G. Theison, Treasurer | 150 | 15 |

Sometime between July 30, 1967 and September 30, 1967, taxpayer redeemed the 35% of its stock held by Hobson.

* Honorable Gordon Thompson, Jr., United States District Judge, Southern District of California, sitting by designation.

In exchange for his stock, Nor-Cal agreed to pay Hobson 35% of its net profits for a 5 year period. Net profits were defined by the purchase agreement as the net after-tax profits of the corporation, plus all bonuses and salaries to the officers in excess of 60% of fee billings.

On its federal income tax return for the taxable year 1967 Nor-Cal deducted $70,315.00 as "compensation of officers". This amount was paid to the four officer-shareholders as follows

| Officer-Shareholder | Salary | Bonuses | Total |
|---|---|---|---|
| J. Hobson | $16,056 | $4,550 | $20,606 |
| R. Wetterer | 14,154 | 3,250 | 17,404 |
| W. Winecapaw | 12,986 | 3,250 | 16,236 |
| G. Theison | 14,119 | 1,950 | 16,069 |

The payments designated as salary were paid according to employment contracts between taxpayer and each officer. Each officer's salary was comprised of a fixed sum for administrative duties required by his office and 60% of his fee billings.

Bonuses had been paid to taxpayer's officer-shareholders in every year of its existence through the year in question. From the time appellant was originally incorporated to the filing of this action, Nor-Cal has neither formally declared nor paid a dividend to any of its shareholders.

Each of the bonus payments and administrative salary payments made by Nor-Cal to its four officer-shareholders during the year in issue was exactly proportionate to the recipient's respective stockholding in Nor-Cal. Taxpayer also employed three other insurance adjusters during 1967 but none of those individuals received bonuses in any way comparable to the officer-shareholders.

The Commissioner disallowed the 1967 bonus payments as reasonable salaries or other compensation for personal services actually rendered. Nor-Cal petitioned the Tax Court, alleging that the salaries and bonuses paid to the officer-shareholders were fully deductible under the provisions of § 162 of the Internal Revenue Code of 1954. The Tax Court sustained the Commissioner's determination on the finding that the bonuses were not payments for personal services actually rendered, but were disguised distributions of corporate earnings and profits. We agree.

When as here, a taxpayer claims a deduction which is disallowed by the Internal Revenue Service, the burden is on the taxpayer to prove to the Tax Court the merit of the deduction. The shifting of that burden can only be caused by the interjection of "new matter" as provided by Rule 32 of the Rules of Practice of the United States Tax Court.

Appellant argues that the notice of deficiency framed in the language of § 162(a)(1) of the Internal Revenue Code of 1954 is insufficient on the grounds that it did not properly advise the taxpayer of the theory upon which the Commissioner intended to proceed at trial. Appellant alleges that he was misled when preparing for trial; he assumed that the Commissioner would rely upon that portion of the statute relating to the unreasonableness of the salaries. Nor-Cal states they were surprised when the Commissioner at trial, in his opening statement, referred to the bonuses as disguised distributions of corporate earnings and profits. The Tax Court found that while the salaries were reasonable, the bonuses were distributions of earnings and thus taxable.

The deficiency notice [1] properly and timely sent to appellant read in pertinent part as follows:

"(a) it is determined that compensation paid your officers during the taxable year 1967 is excessive in the amount of $13,000.00. Such amount exceeds a reasonable allowance for salaries or other compensation for per-

---

1. The deficiency notice sent by the Commissioner, in Schedule 2 of his 90 day letter dated August 27, 1969.

sonal services actually rendered within the ambit of Paragraph 162 of the Internal Revenue Code."

■ While such a notice does not specifically detail the theory upon which the Commissioner intends to defend his position in disallowing the deduction, it is sufficient to inform the taxpayer that the deductions are to be disallowed and the reasons therefor. Notice only is required; it is deception that is prohibited. See United States v. First Security Bank, 334 F.2d 120 (9th Cir. 1964). Here taxpayer knew the relevant portion of the code upon which the Commissioner intended to proceed. Luke v. Commissioner, 351 F.2d 568 (7th Cir. 1965); Irish v. Commissioner, 129 F.2d 468 (3rd Cir. 1942); Olsen v. Helvering, 88 F.2d 650 (2d Cir. 1937). There was no deception practiced by the Commissioner when it was determined that the amounts paid as bonuses to Nor-Cal's shareholders were in fact distributions of earnings and profits rather than compensation for services actually rendered. The statute specifically provides that compensation must be both reasonable and for personal services actually rendered in order to be an allowable deduction. The test then of Section 162 is two prong, the salaries must be reasonable and in addition must be paid for personal services actually rendered. Therefore, the burden of proof of deductibility in § 162(a)(1) remained with Nor-Cal to show that the bonuses given to the officer-shareholders were both reasonable within the ambit of the statute and were for personal services actually rendered in order to qualify as an allowable deduction. This the Tax Court found appellant failed to do in that it held the bonuses to be dividends in disguise.

■ Taxpayer further argues that the record does not support the Tax Court's finding that the bonuses in issue were dividend distributions rather than payment for services actually rendered. Implicit within this argument is the contention that the evidence was insufficient to overcome the presumptive correctness of the Commissioner's determination. The Tax Court below decided otherwise and relied upon a number of factors to justify its decision:

1. The bonuses were in exact proportion to the officers stockholdings.

2. Payments were in lump sums rather than as the services were rendered.

3. There was a complete absence of formal dividend distributions by an expanding corporation.

4. The system of bonuses were completely unstructured; i. e., bonuses were computed periodically throughout the year on no apparent pre-set basis.

5. Taxpayers consistently negligible taxable income was an indication that the bonus system was based on funds available rather than on services rendered.

6. The stock redemption agreement between Nor-Cal and Mr. Hobson.

7. Bonus payments were made only to the officer-stockholders. Appellant believes that the Tax Court completely ignored strong testimony by their witnesses, yet concedes that such determinations were essentially factual in nature. While we may be sympathetic to Nor-Cal's suggestion that the bonuses were reasonable, cf. Mayson Mfg. Co. v. Commissioner, 178 F.2d 115 (6th Cir. 1949), we are bound by the determinations of fact, including factual inferences from undisputed basic facts made by the Tax Court unless they are clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Chism's Estate v. Commissioner, 322 F.2d 956 (9th Cir. 1963).[2]

2. In that case, this Circuit noted:
"Some of the evidence is undisputed and would support either of two inconsistent inferences. There is some evidence in the record which militates against the Tax Court's finding, but not so strongly as to leave us with a definite and firm conviction that a mistake has been made. As is

We hold that the decision of the Tax Court is not clearly erroneous.

■■ As a final point, Nor-Cal contends that the Tax Court abused its discretion by failing to grant taxpayer's motion for further trial. Disposition of a motion to reopen the record for the submission of additional evidence rests in the discretion of the Tax Court. Chiquita Mining Co. v. Commissioner, 148 F.2d 306 (9th Cir. 1945). Accordingly, the Tax Court's ruling is not subject to review except upon a demonstration of extraordinary circumstances which reveal a clear abuse of discretion. Friednash v. Commissioner, 209 F.2d 601 (9th Cir. 1954); Chiquita Mining Co. v. Commissioner, *supra*. We believe the taxpayer has failed to show us exceptional circumstances.

The decision of the Tax Court is therefore affirmed.

TRASK, Circuit Judge (dissenting):

As the majority correctly points out Internal Revenue Code of 1954, section 162(a)(1)[1] requires that for compensation paid by a corporation to its officers to be deductible as expenses, the compensation must (1) be reasonable in amount and, (2) must be for personal services actually rendered.

Here the notice of deficiency told the taxpayer that:

" . . . compensation paid your officers during the taxable year 1967 is excessive in the amount of $13,000.00. Such amount exceeds a reasonable allowance for salaries or other compensation for personal services actually rendered . . . ." (C.T. at 7.)

Reading that notice, the thrust of the charge of deficiency is clearly based upon the theory of excessiveness of sums paid. There is no suggestion that would notify a reasonable person that the real ground of the Commissioner's attack would be based upon a theory that the monies paid constituted a distribution of dividends and not an excessive amount paid for services rendered.

The Commissioner could have relied upon a quantitative impropriety, *i. e.*, that the amounts paid for the services rendered were excessive. He could alternatively have relied upon a qualitative impropriety, *i. e.*, that the amounts paid were not for services rendered at all but were in the nature of a distribution of earnings and profits. When the notice of deficiency to the taxpayer was in terms of excessiveness and the decision was predicated upon distribution of dividends, the taxpayer did not simply receive inadequate notice. He has actually been deceived. Baird v. Commissioner, 438 F.2d 490, 493 (3d Cir. 1971). The Government points out that its counsel at the outset of the hearing announced that " . . . the government's position is based *mainly* on the fact that we will contend these distributions were, in effect, a distribution of earnings and profits." (C.T. at 7) (Emphasis supplied). In view of the language of the deficiency notice this introduced an element of gamey uncertainty into the Government's theory but still did not disavow or alter the formal issue tendered.[2]

I would require the Commissioner to adhere to the grounds announced to the

---

often the case, the deciding factors here are those which lie within the fact finder's area of special competence, credibility and demeanor of the witnesses. After reviewing the entire record, we conclude that the Tax Court's finding is not clearly erroneous." Chism's Estate v. Commissioner, 322 F.2d 956, 961 (9th Cir. 1963).

1. "162. Trade or business expenses

"(a) . . . There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

"(1) a reasonable allowance for salaries or other compensation for personal services actually rendered ; . . ."

2. On this issue the court stated :

"Petitioner has introduced persuasive evidence that the total compensation paid to its officers was reasonable in amount. Even the internal revenue agent who audited petitioner's income tax returns evinced his belief that the total amounts were not unreasonable." (C.T. at 31.)

taxpayer in its deficiency notice. To compound the problem, the Tax Court declined to permit the taxpayer an opportunity to reopen and submit relevant evidence to rebut the untendered issue upon which the Government tried its case. I would reverse and remand.