CORNEAL B. MYERS and ANN P. MYERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myers v. Commissioner
Docket No. 7876-80.
United States Tax Court
T.C. Memo 1981-84; 1981 Tax Ct. Memo LEXIS 664; 41 T.C.M. (CCH) 962; T.C.M. (RIA) 81084; February 24, 1981. Ronald T. Murphy, for the petitioners. Robert J.Shilliday, for the respondent. *665 DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and181, Tax Court Rules of Practice and Procedure. [2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent, in a notice of deficiency sent to petitioners on April 10, 1980, determined a deficiency in their Federal income tax for the year 1976. Petitioners timely filed their petition on May 27, 1980. On June 12, 1980, they filed a motion to dismiss on the ground that the notice of deficiency is not proper and adequate. FINDINGS OF FACT At the time the petition *666 herein was filed, petitioners resided in Lake Wales, Florida. In the form letter known as the notice of deficiency, that petitioners received from respondent, the deficiency in tax is shown to be in the amount of $ 4,297. The waiver (Form 4089) and the Statement of Income Tax Changes (Form 5278), which respondent sent along with the notice of deficiency to petitioners, also indicate that the income tax of petitioners is to be increased in the amount of $ 4,297. To show how he determined the amount of the deficiency, respondent, in addition, sent Forms 4726 and 4625 to indicate how he had arrived at the amounts shown on the Statement of Income Tax Changes as the amounts of the maximum tax and the minimum tax. An Explanation of Items, which also accompanied the notice of deficiency, advised petitioners that respondent's determination of a deficiency in their tax was based on the following grounds: (a) These adjustments, to which you have indicated agreement by signing a waiver of restriction on assessment, were outlined in the examination report dated August 29, 1979. The deficiency applicable to these adjustments has been assessed. (b) The deduction of $ 6,025.00 claimed *667 as a distributable loss from the partnership known as Coastal Associates is not allowed because it has not been established that any deductible loss was sustained by the partnership during the taxable year 1976. Therefore, your taxable income is increased $ 6,025.00 under Section 61 of the Internal Revenue Code of 1954. Disallowance of the deduction for the distributive share of loss from the partnership in the amount of $ 6,025 actually would result in a deficiency in petitioners' tax for the year 1976 in the amount of $ 3,693, rather than a deficiency in the amount of $ 4,297 as determined by respondent. Respondent's agent had entered an incorrect amount on the line labeled earned income on the Form 4726, to compute the maximum tax, and had thereby arrived at an erroneous amount for the proposed deficiency. Respondent has admitted that this error exists. In their petition, petitioners assert that the Commissioner erred, as follows: a. The Commissioner erred in determining that there is a deficiency in the amount of $ 4,297.00 due from the Petitioners for the calendar year 1976. b. The Commissioner erred in determining that the Petitioners are *668 not entitled to their distributable share of partnership loss from the partnership known as Coastal Associatesfor the year 1976. c. The Commissioner erred in determining that the partnership known as Coastal Associates did not sustain a loss during the taxable year 1976. Among the statements of alleged facts, contained on the petition, on which petitioners base their assignments of error, is the following: c. Based upon the Commissioner's proposed disallowance of the Petitioners' distributable share of the partnership loss of the partnership known as Coastal Associates, in the amount of $ 6,025.00, the deficiency as determined by the Commissioner is incorrect. On June 12, 1980, petitioners, claiming that the adjustment proposed by respondent would result in a deficiency in the amount of $ 3,681 and that the notice of deficiency did not advise them as to respondent's basis for determining a deficiency in the amount of $ 4,297, filed a motion to dismiss on the ground that respondent had not issued a proper and adequate notice of deficiency. At the time that their petition was filed, petitioners were not misled as to the issues in controversy. OPINION Section 6212 provides *669 that, if respondent determines that there is a deficiency, then he is authorized to send a notice of such deficiency to the taxpayer by certified or registered mail. Neither section 6212, nor its predecessors, nor the legislative history related thereto indicate that any particular information must be contained in a notice of deficiency in order for it to be valid. Commissioner v. Forest Glen Creamery Co., 98 F.2d 968, 971 (7th Cir. 1938); United States v. Lehigh, 201 F.Supp. 224, 232 (W.D. Ark. 1961);29 Tax Lawyer 393, 394 N.6 (1975). A taxpayer may file a petition with this Court only if a notice of deficiency has been issued to him. Section 6213(a). Of course, to be effective, the notice of deficiency must be valid and properly issued. The purpose of the notice of deficiency has been referred to as one of advising the taxpayer that the Commissioner has determined a deficiency in his taxes and that he intends to assess that deficiency. Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937); Mayerson v. Commissioner, 47 T.C. 340, 349 (1966). An error in a notice of deficiency, which otherwise fulfills its purpose, *670 will be ignored where the taxpayer is not misled thereby and is provided by it with information sufficient for the preparation of his case for trial. Cf. Nor-Cal Adjusters v. Commissioner, 503 F.2d 359, 362 (9th Cir. 1974); Mayerson v. Commissioner, supra.
Petitioners were adequately apprised of the issues in controversy by the notice of deficiency and the forms sent along with it. [3] Their petition indicates that they were not misled by the mathematical error made by respondent's agent; rather, it indicates that they knew, based upon the disallowance of the distributive share of the partnership loss in the amount of $ 6,025, that the deficiency as determined by respondent was incorrect. Although they may not have known why the deficiency determined by respondent was inconsistent with the disallowance of the loss in the amount of $ 6,025, they, at least, knew that the two mere inconsistent and were, thus, capable of questioning the correctness of respondent's determination, in their petition. *671 Petitioners contend that, if, upon receiving the notice of deficiency, they had paid only the amount of deficiency actually resulting from the disallowance of the partnership loss, then they would have been precluded from filing a refund suit, because they would not have paid the full amount of the deficiency asserted. This contention is apparently based upon the decision in Flora v. United States, 362 U.S. 145 (1960). Since petitioners did not follow that route but filed a petition with this Court, instead, we are not called upon to address the question raised by this contention. ThisCourt has jurisdiction to redetermine the correct amount of deficiencies that have been determined by respondent. Section 6213; Burford v. Commissioner, 76 T.C.     (Jan. 19, 1981). Where the Commissioner has made a mere mathematical error in computing a deficiency, this Court can withhold its judgment until the parties have submitted computations showing the correct amount of the deficiency and then correct the error. See Delatour Beverage Co. v. Commissioner,12 B.T.A. 412, 417 (1928); Quadriga Manufacturing Co. v. Commissioner, 2 B.T.A. 1119 (1925); *672 Rule 155, Tax Court Rules of Practice and Procedure; 9 Mertens, Law of Federal Income Taxation, sec. 50.73, p. 207 (1977 rev.). We conclude that petitioners did receive a proper and adequate notice of deficiency. Accordingly, their motion to dismiss will be denied. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial Procedures set forth in that rule are not applicable to this case.
3. See Smith v. Commissioner, T.C. Memo. 1979-16↩, in which the Court considered the cover letter, explanatory statements, and waivers sent in one package to the taxpayers as the notice of deficiency, for the purpose of determining whether the notice of deficiency either stated the taxable years involved or stated sufficient information so that the taxpayer would have no reason to be deceived as to the taxable years.