**M & K FARMS, INC., a Montana corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–80–35–GF.**

United States District Court,
D. Montana,
Great Falls Division.

Sept. 22, 1982.

R.P. Ryan, Billings, Mont., for plaintiff.

James P. Sites, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## FINDINGS OF FACT,

## CONCLUSIONS OF LAW AND ORDER

HATFIELD, District Judge.

This matter came on for trial before the court without a jury on March 18, 1982. Thereafter, the court prepared proposed findings of fact and conclusions of law, and ordered both parties to file with the court and serve upon opposing counsel objections to those findings and conclusions. Both parties were then given an opportunity to file answers to the objections raised by the opposing party. Having received the evidence presented at trial, and having reviewed each party's objections and answers, the court now enters the following

## FINDINGS OF FACT

1. This is a civil action for recovery of 1974 and 1975 corporate internal revenue taxes said to have been wrongfully assessed and collected by the defendant.

2. Plaintiff, M & K Farms, Inc., is a Montana corporation having its principal place of business at Floweree, Montana. Plaintiff operates farmlands devoted to the growing of grain in Cascade and Chouteau Counties, near Floweree.

3. Plaintiff is a family corporation with the stock being held either by members of the family or by certain trusts for the benefit of family members. The principal stockholders and managers of the corporation are Melvin Good and his son, Keith Good.

4. From 1968 to 1973, the plaintiff paid Melvin and Keith Good the following compensation for personal services rendered on the farm:

| YEAR | MELVIN GOOD | KEITH GOOD |
|------|-------------|------------|
| 1968 | $ 7,000 | $ 7,500 |
| 1969 | 9,800 | 9,800 |
| 1970 | 9,000 | 8,400 |
| 1971 | 9,000 | 8,900 |
| 1972 | 12,032 | 12,032 |
| 1973 | 15,590 | 16,090 |

5. In a consent document dated December 8, 1973, and filed in lieu of an annual meeting, the Board of Directors of the plaintiff corporation passed a resolution setting the monthly salary for the corporate president, Melvin Good, and vice-president, Keith Good. That resolution stated in pertinent part:

RESOLVED, that commencing with January 1, 1974, and until changed by Resolution of the Board of Directors of the Corporation, the salaries of the officers of this Corporation, payable in monthly installments, shall be as follows:

| | |
|---|---|
| President | $2,000 per month |
| Vice-President | $2,000 per month |

The $2,000 monthly salary was exclusive of the corporate pension and profit sharing plans, which provided an additional amount in deferred compensation.

6. Plaintiff declared its first dividend in 1974. The dividend, equal to six percent (6%) of the par value of each shareholder's stock, or $11,664, was paid out in 1975 to the shareholders of record.

7. External conditions, specifically the Russian wheat sale, resulted in a high market price for grain during part of the period at issue.

8. During the years 1974 and 1975, the plaintiff used the cash method of accounting and filed its federal corporation income tax returns on a calendar year basis reflecting the following income, taxable income, income tax liability, and tax due:

| YEAR | GROSS INCOME | TAXABLE INCOME | TAX LIABILITY | TAX DUE |
|------|--------------|----------------|---------------|---------|
| 1974 | $373,832.61 | $19,742.36 | $1,384.73 | $1,056.73 |
| 1975 | 398,593.78 | 36,883.74 | 3,852.49 | 3,524.49 |

9. On its 1974 and 1975 federal corporation income tax returns, the plaintiff de-

ducted as "ordinary and necessary expenses" the compensation paid to Melvin and Keith Good in the following amounts:

| MELVIN GOOD | 1974 | 1975 |
|---|---|---|
| Salary | $ 80,000 | $ 60,000 |
| Pension Plan | 8,000 | 6,750 |
| Profit-Sharing Plan | 12,000 | 10,125 |
| | $100,000 | $ 76,875 |

| KEITH GOOD | | |
|---|---|---|
| Salary | $ 80,000 | $ 60,000 |
| Pension Plan | 8,000 | 6,750 |
| Profit-Sharing Plan | 12,000 | 10,125 |
| | $100,000 | $ 76,875 |

10. On September 28, 1978, the plaintiff received from the Commissioner of Internal Revenue a notice of deficiency of income tax for the calendar years 1974 and 1975. The tax deficiencies complained of were in the following amounts:

| Year | Deficiency |
|---|---|
| 1974 | $ 66,036.05 |
| 1975 | 41,993.56 |
| | 108,029.61 |

11. The Commissioner of the Internal Revenue determined that only part of the deductions taken for compensation in calendar years 1974 and 1975 constituted "ordinary and necessary expenses." Accordingly, the Commissioner disallowed a portion of the 1974 and 1975 deductions claimed against the plaintiff's gross income, as follows:

| Year | Total Compensation Paid Both Goods and Deducted by M & K Farms, Inc. | Deduction Allowed by IRS as to Melvin Good | Deduction Allowed by IRS as to Keith Good | Total Deduction Allowed by IRS to M & K Farms for Compensation Paid to Melvin & Keith Good |
|---|---|---|---|---|
| 1974 | $200,000 | $ 30,000 | $ 30,000 | $ 60,000 |
| 1975 | $153,750 | 30,000 | 30,000 | 60,000 |

12. From the above finding of fact, and finding of fact 5, *supra,* it follows that for calendar years 1974 and 1975, the Commissioner allowed the plaintiff to deduct as reasonable compensation $30,000 per year for salary and deferred compensation paid to Melvin Good, and $30,000 per year for salary and deferred compensation paid to Keith Good, as follows:

| Salary | $24,000 |
|---|---|
| Deferred compensation | 6,000 |
| TOTAL | $30,000 |

13. The income tax deficiency of $108,029.61, set forth in finding of fact 10, *supra,* was paid in full by the plaintiff. Following payment, the plaintiff filed its claims for refund with the Internal Revenue Service. These claims were disallowed by the defendant on January 11, 1980.

14. The pending suit was commenced on February 29, 1980. Plaintiff seeks a refund of the $108,029.61 income tax deficiency, which it paid in full. Plaintiff also seeks statutory interest and costs.

## CONCLUSIONS OF LAW

1. This action arises under 28 U.S.C. § 1340 and 28 U.S.C. § 1346(a)(1). Jurisdiction vests in this court by virtue of these provisions.

2. In a tax refund suit, such as the one now before the court, the assessment made by the Commissioner of Internal Revenue is presumed correct, and the plaintiff must prove that the assessment was erroneous. *See, Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). *Wickwire v. Reinecke,* 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184 (1927). *See also, United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976).

In cases involving the deductibility of compensation as an "ordinary and necessary expense", the plaintiff must also prove that the compensation paid was reasonable and was therefore a deductible business expense. *See, Nor-Cal Adjusters v. C.I.R.,* 503

F.2d 359, 361 (9th Cir.1974); *Perlmutter v. C.I.R.,* 373 F.2d 45, 47–48 (10th Cir.1967).

3. Plaintiff, M & K Farms, Inc., deducted from its 1974 and 1975 corporate taxable income certain compensation payments which it made to Melvin and Keith Good.

26 U.S.C. § 162(a) sets forth the applicable legal standard for this case:

> There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—
>
> > (1) a reasonable allowance for salaries or other compensation for personal services actually rendered.

4. The test set forth in 26 U.S.C. § 162(a)(1) is two-prong. The compensation payments may be deducted if they are (1) reasonable, and (2) are for personal services actually rendered. 26 C.F.R. § 1.162–7(a) (1981) is equally specific in its requirement that compensation payments are deductible under 26 U.S.C. § 162(a)(1) only if they are "reasonable and are in fact payments purely for services."

Therefore, the burden of proof of deductibility lies with the plaintiff to show that the compensation paid to Melvin and Keith Good was reasonable within the purview of the statute and regulations, and was for personal services actually rendered. Only then may the compensation qualify as an allowable deduction. *Nor-Cal Adjusters v. C.I.R., supra,* 503 F.2d at 362.

5. This case involves two types of compensation: (1) non-deferred compensation; and (2) deferred compensation.

The deductibility of non-deferred compensation, such as salary, is governed by 26 U.S.C. § 162(a)(1). The deductibility of deferred compensation, such as pension and profit-sharing plans, is governed by 26 U.S.C. § 404. The allowable deduction at the corporate level for both forms of compensation is limited to the amount which constitutes "a reasonable allowance for compensation for the services actually rendered." 26 C.F.R. § 1.404(a)–1(b).

6. The issue of what constitutes "reasonable compensation" for a taxpayer to pay depends upon the circumstances of each case and the issue is one of fact which must be decided in light of all the evidence. *Pacific Grains, Inc. v. C.I.R.,* 399 F.2d 603, 605 (9th Cir.1968), *citing Hoffman Radio Corp. v. C.I.R.,* 177 F.2d 264 (9th Cir.1949). *See also Pepsi-Cola Bottling Co. of Salina, Inc. v. C.I.R.,* 528 F.2d 176, 179 (10th Cir.1976).

7. In the case of a closely held corporation, where the stockholders are also the officers and employees of the corporation, the issue of reasonableness of compensation is related to the issue of whether deductible salary expenses are, in fact, a distribution of non-deductible corporate profits. *See Pepsi-Cola Bottling Co. of Salina, Inc. v. C.I.R., supra,* 528 F.2d at 182–83. Therefore, when determining the reasonableness of compensation, a court should give special scrutiny to compensation paid by a closely held corporation, such as a family farm corporation. *Id.* at 179. *See also Perlmutter v. C.I.R., supra,* 373 F.2d at 49; *Stonebrook v. C.I.R.,* ¶ 80, 522 P–H Memo T C (1980).

8. Plaintiff, by way of its own corporate resolutions, expressed its intent regarding the salaries for Melvin and Keith Good. *See Klamath Medical Services Bureau v. C.I.R.,* 261 F.2d 842 (1958). The Board of Directors of the plaintiff corporation resolved that the monthly salary for Melvin and Keith Good would be $2,000, or $24,000 per year. This amount was exclusive of any deferred compensation.

9. The total compensation paid to Melvin and Keith Good increased to $100,000 per man in 1974 and $76,875 per man in 1975. The sharp rise in total compensation paid to Melvin and Keith Good in 1974 and 1975 raises the inference that these payments were based on factors other than "reasonableness" and as compensation "for services actually rendered." *See Nor-Cal Adjusters v. C.I.R., supra,* 503 F.2d at 362–63. It appears that grain prices were unusually high during 1974 and 1975 as a result of unusual conditions in the wheat market.

10. The Commissioner allowed the plaintiff to deduct for the calendar years 1974 and 1975 $30,000 per year for Melvin Good and $30,000 per year for Keith Good. The $30,000 yearly amount includes (1) $24,000 in salary, which is what the Board of Directors of the plaintiff corporation resolved to pay Melvin and Keith Good; and (2) an additional $6,000 in deferred compensation.

11. Having considered the lack of an arm's length relationship between the plaintiff and Melvin and Keith Good, together with the sharp increase in their 1974 and 1975 compensation and the expressed corporate intent regarding their salary for 1974 and 1975, the court concludes that the plaintiff has not established that the determination of the Commissioner was erroneous. Therefore, the Commissioner's determination is upheld.

NOW, THEREFORE, IT IS HEREBY ORDERED that judgment be entered in accordance with these findings of fact and conclusions of law.