WALLACE WARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; I & O PUBLISHING CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket Nos. 22842-91, 22843-91
United States Tax Court
T.C. Memo 1995-286; 1995 Tax Ct. Memo LEXIS 291; 69 T.C.M. (CCH) 3025; June 27, 1995, Filed *291 Decision will be entered for respondent in docket No. 22842-91. Decision will be entered under Rule 155 in docket No. 22843-91. For petitioners: Robert Campbell. For respondent: Paul K. Voelker. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In these consolidated cases, respondent determined deficiencies in and additions to petitioners' income taxes as follows: Sec. Sec. Sec.
Docket No.
Year
Deficiency 6653(b)(1) 6653(b)(2) 6654
22842-91
1983
$ 51,377
$ 25,689
$ 29,096
$ 3,144
22842-91
1984
92,685
45,863
41,708
5,827
22842-91
1985
57,538
37,746
20,134
3,298
Sec. Sec. Sec.
Docket No.
Year
Deficiency 6653(b)(1) 6653(b)(2) 6655
22843-91
1983
$ 43,861.98
$ 21,930.98
$ 25,278.50
$ 2,734.34
22843-91
1984
86,434.56
43,217,28
39,806.50
5,461.35
22843-91
1985
91,162.66
45,581.33
32,563.00
5,381.04
In the answers, respondent asserted, in the alternative, that petitioners are liable for additions to tax under sections 6651(a) and 6653(a)(1) and (2). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references *292 are to the Tax Court Rules of Practice and Procedure. After concessions, the issues for decision as to petitioner Wallace Ward (Ward) are: Whether Ward realized income for the years in issue in the amounts determined by respondent; whether he is entitled to deductions in excess of those allowed by respondent; whether he is collaterally estopped from denying his liability for the additions to tax under section 6653(b) for fraud; whether imposition of that addition to tax violates the double jeopardy clause of the Fifth Amendment to the U.S. Constitution; and whether he is liable for the additions to tax under section 6654. The issues for decision as to petitioner I & O Publishing Co., Inc. (I & O), are: Whether I & O realized net taxable income for the years in issue in the amounts determined by respondent; whether I & O is entitled to deductions in excess of those allowed by respondent; whether I & O is collaterally estopped from denying its liability for the additions to tax under sections 6651(a) and 6653(a) by reason of Ward's conviction for failure to file corporate returns under section 7203; and whether I & O is liable for the additions to tax under section 6655. FINDINGS *293 OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Ward was a resident of Nevada, and I & O had its principal place of business in Nevada, at the time that the petitions were filed. During 1983, 1984, and 1985, Ward was president of I & O. I & O was in the business of selling, by mail order, publications authored by Ward. The business of I & O was conducted from Ward's residence. I & O realized net taxable income for 1983, 1984, and 1985 of $ 139,373.84, $ 231,922.96, and $ 242,955.21, respectively. During 1983, 1984, and 1985, Ward realized income by way of distributions from I & O to him, or for his benefit, of $ 114,898, $ 185,189, and $ 138,333, respectively. Neither Ward nor I & O filed Federal income tax returns for 1983, 1984, or 1985. On March 29, 1990, Ward was indicted in the U.S. District Court of the District of Nevada, No. CR-S-90-057-LDG LRL, for willfully attempting to evade his income tax for 1983, 1984, and 1985 in violation of section 7201 and for willfully failing to file income tax returns of I & O for 1983, 1984, and 1985 in violation of section 7203. On December 2, 1993, Ward was convicted *294 by a jury on all charges against him in the said indictment. In an unpublished opinion filed September 26, 1994, the conviction was affirmed by the Court of Appeals for the Ninth Circuit. On or about April 5, 1990, a jeopardy assessment was made against Ward. The assessment was later abated when the Internal Revenue Service (IRS) decided that it was unnecessary. Ward was sent notices reversing the assessments and stating, as to 1983, 1984, and 1985, that the "amount you now owe" was "NONE".
OPINION At trial, the parties stipulated to the receipt of net income by I & O and taxable distributions to Ward in the amounts set forth in our Findings of Fact. Petitioners did not agree that additional amounts of $ 6,500 in 1983, $ 36,094 in 1984, and $ 4,030 in 1985 were taxable distributions from I & O to Ward, as determined by respondent. They did not, however, present any testimony concerning these items. Rather, Ward relies on the notices sent to him April 22, 1991, by the IRS, in which the prior jeopardy assessment was abated, as proof that no tax was owing on income greater than the amounts to which he stipulated. The IRS notices, however, merely reflect vacation of the jeopardy assessment *295 and not a determination inconsistent with the statutory notice. The vacated jeopardy assessment is not relevant to the issues before us. Another jeopardy assessment was made against Ward for 1983, 1984, and 1985 on May 23, 1991.
Petitioners have the burden of proof with respect to the deficiencies and the additions to tax under sections 6654 and 6655. Rule 142(a); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Once there is evidence of actual receipt of funds by the taxpayer, that taxpayer has the burden of proving that those funds (or some of them) are not taxable. Tokarski v. Commissioner, 87 T.C. 74 (1986). The parties have stipulated that Ward received funds from I & O. Ward has failed to prove that the amounts determined by respondent are not taxable income to him. Petitioners also failed to present any evidence establishing entitlement to any deductions not previously allowed by respondent. Ward did not testify. Another person who had worked with I & O during 1984 and 1985 testified only that the business of I & O was *296 conducted out of Ward's residence during those years. His testimony apparently was intended to support a claim that Ward was entitled to a home office deduction. The evidence is insufficient, however, for that purpose. Although petitioners argue on brief that the residence was the principal place of business of I & O, the evidence does not show that any portion of the residence was exclusively used for that purpose. Sec. 280A. Respondent also relies on Commissioner v. Soliman, 506 U.S.    , 113 S. Ct. 701 (1993), and petitioners' failure to present evidence relevant under that case. In reply, petitioners merely argue that the Supreme Court was wrong in Soliman. There is similarly no evidence that I & O is entitled to any deductions not previously allowed by respondent. Petitioners contend that the distributions to Ward by I & O were compensation deductible by I & O. There is no evidence from which we can conclude that the distributions were compensation either in form or in substance. See, e.g., Elliotts Inc. v. Commissioner, 716 F.2d 1241, 1243 (9th Cir. 1983), revg. T.C. Memo. 1980-282; *297 Nor-Cal Adjusters v. Commissioner, 503 F.2d 359, 362 (9th Cir. 1974), affg. T.C. Memo. 1971-200; Paula Construction Co. v. Commissioner, 58 T.C. 1055, 1058-1059 (1972), affd. without published opinion 474 F.2d 1345 (5th Cir. 1973). Ward does not deny that he was a shareholder of I & O to whom distributions would be treated as dividends not deductible to I & O. Respondent, of course, has the burden of proving fraud. Secs. 6653(b), 7454(a); Rule 142(b). Respondent also has the burden of proof as to the alternative additions to tax alleged in the answer and as to the affirmative defense of collateral estoppel. Rules 39, 142(a). Respondent has met those burdens by proof of Ward's conviction of tax evasion under section 7201 with respect to his individual income tax liabilities. DiLeo v. Commissioner, 96 T.C. 858, 885-886 (1991), affd. 959 F.2d 16 (2d Cir. 1992), and cases cited therein; Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 74-75 (1964). Petitioners contend that the additions *298 to tax for fraud cannot be imposed on Ward for the same conduct leading to his criminal conviction. The addition to tax for fraud is a civil sanction, imposed as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 398-401 (1938). Thus, the imposition of a civil fraud penalty following the criminal conviction does not violate the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. Ianniello v. Commissioner, 98 T.C. 165 (1992). We agree with respondent that the U.S. Supreme Court decision in Department of Revenue v. Kurth Ranch, 511 U.S.    , 114 S. Ct. 1937 (1994), does not change these prior rulings. See Hawkins v. Commissioner, T.C. Memo. 1994-441. Ward's conviction under section 7203 necessarily established that the failure to file corporate returns on behalf of I & O was not due to reasonable cause and that the failure to file corporate returns was willful, i.e., intentional disregard *299 of rules or regulations. I & O is therefore liable for the additions to tax under sections 6651(a) and 6653(a)(1) and (2), as alleged in the answer. See Kotmair v. Commissioner, 86 T.C. 1253, 1262-1264 (1986). The additions to tax under sections 6654 and 6655 for failure to pay estimated taxes are mandatory absent exceptions not applicable here. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Preston v. Commissioner, T.C. Memo. 1985-463. Decision will be entered for respondent in docket No. 22842-91. Decision will be entered under Rule 155 in docket No. 22843-91.